# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAUGHN S. EARLEY, | Case No.  1:15-cv-01284-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| JOHN N. KATAVICH, et al., | **FOURTEEN (14) DAY DEADLINE** |
| Defendants. | |

**Findings and Recommendations**

**I.   Background**

Plaintiff Vaughn S. Earley ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on August 21, 2015. (ECF No. 1.)

On September 22, 2016, this Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on his cognizable claims within thirty (30) days. (ECF No. 8.) On October 3, 2016, the screening order was returned by the United States Postal Service as undeliverable, vacant.

**II.   Discussion**

Plaintiff is required to keep the Court apprised of his current address at all times. Local

Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to the Court's docket, Plaintiff's address change was due no later than December 12, 2016. Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's orders, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *Id.* at 1228-29; *Carey*, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

**III.     Conclusion and Recommendation**

For the reasons stated, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 20, 2016**                /s/ Barbara A. McAuliffe
                                                                    UNITED STATES MAGISTRATE JUDGE